■ JOHN B. PIKE & SON, INC., Respondent-Appellant, v STATE OF NEW YORK, Appellant-Respondent. (Claim No. 70979.) [623 NYS2d 464] —Judgment unanimously modified on the law and facts and as modified affirmed with costs to claimant and matter remitted to the Court of Claims for further proceedings

in accordance with the following Memorandum: Claimant, a construction contractor, commenced this action against the State seeking damages for breach of contract, principally for delays and extra work, arising out of its reconstruction of Interstate 81. The State appeals from the judgment insofar as it determined that the State was liable to pay claimant, by the linear foot, for the entire quantity of "wick" drains installed by claimant's subcontractor, and insofar as it determined that the State was liable to compensate claimant for additional work involved in constructing temporary ramps to facilitate certain bridge construction. Claimant cross-appeals from the judgment insofar as it dismissed its claims for compensation for extra work performed by its subcontractor in "pre-drilling" holes for the installation of "wick" drains; for damages for drilling difficulties caused by an unanticipated subsurface obstruction; for compensation for installation of a 42-inch diameter concrete pipe under the higher contract rate for "major" "structure excavation"; and for damages for delays in railroad bridge construction caused by Conrail's failure to cooperate.

On claimant's cross appeal, we conclude that the Court of Claims erred in finding that the alternative drilling methods of claimant's subcontractor were unauthorized under the contract and therefore noncompensable. By his "written change order", the State engineer directed claimant to complete, by whatever means necessary, its attempts to install drains next to obstructed holes. Because experience had demonstrated the futility of not pre-drilling the holes, the subcontractor acted reasonably in determining to pre-drill the holes on the first attempt. We conclude that the subcontractor's resort to the necessary and feasible method, sooner rather than later, was expressly or impliedly authorized by the State and thus constituted compensable extra work under the contract.

We also agree with the contention of claimant that the court erred in denying its claim for damages resulting from delays encountered in constructing the railroad overpass. The record establishes that the extraordinary and unanticipated delay was attributable to Conrail's unreasonable refusal to accommodate claimant's schedule. We disagree with the court's conclusion that the State had no obligation to obtain Conrail's cooperation. The construction contract provided that all work affecting the railroad would be "carried out under the joint supervision of the Department of Transportation and the railroad company". Pursuant to that provision, the State

entered into a separate agreement with Conrail, by which Conrail consented to claimant's entry upon its premises for the purpose of performing all necessary work, agreed to make any "necessary changes in its railroad and railroad facilities to the extent required for" construction, and agreed to "coordinate its said work" and "to cooperate with" claimant. Significantly, the agreement between the State and Conrail obligated the State to reimburse Conrail for all its costs in accommodating claimant. In our view, the State would not have entered into that contract with Conrail unless the construction contract required it to secure Conrail's cooperation. In any event, the second agreement granted the State the right to enforce Conrail's cooperation for the benefit of claimant, a third-party beneficiary. We thus conclude that the State bore the contractual risk for the expense of delay in the event that Conrail failed to cooperate.

In accordance with the foregoing, we modify the judgment by finding the State liable on claimant's first and eighth claims, and we remit the matter to the Court of Claims for a determination of damages on those claims. We have considered the remaining contentions of the parties and conclude that they are without merit. (Appeals from Judgment of Court of Claims, Margolis, Israel, J.—Breach of Contract.) Present— Denman, P. J., Balio, Fallon, Callahan and Davis, JJ.